1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE LOPEZ-BUELNA,               ) | |
|                                  ) | Case No.:   2:09-cr-00113-GMN-PAL-2 |
| Petitioner,                      ) | |
| vs.                              ) | **ORDER DENYING PETITIONER, JOSE** |
|                                  ) | **LOPEZ-BUELNA'S MOTION TO VACATE** |
| UNITED STATES OF AMERICA,        ) | **SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
|                                  ) | **(ECF No. 496)** |
| Respondent.                      ) | |
|                                  ) | |

7
8
9
10
11
12

13    Before the Court for consideration is Petitioner Jose Lopez-Buelna's Motion To Vacate

14 Sentence Pursuant To 28 U.S.C. § 2255 (ECF No. 496) and the Government's Response in

15 Opposition to Petitioner's Motion To Vacate Sentence (ECF No. 499).  The Petitioner failed to

16 file a Reply.

17 **A.     BACKGROUND**

18    Petitioner Lopez-Buelna pursuant to a written Plea Agreement (ECF No. 289) pleaded

19 guilty to one count of Conspiracy to Distribute a Controlled Substance, one count of Conspiracy

20 to Launder Money, and two counts of Money Laundering.

21    The sentencing hearing was held on December 20, 2011. (Transcript, ECF No. 462).  The

22 Court sentenced the Petitioner to 240 months on each Count, to run concurrently. (ECF No. 437).

23 The Petitioner filed a Notice of Appeal on January 4, 2012 (ECF No. 440), and thereafter filed a

24 motion for voluntarily dismissal of his appeal, which the Ninth Circuit Court of Appeals granted

25 on May 3, 2012 (ECF No. 471).

**B.     LEGAL ISSUES PRESENTED**

1.     Waiver of Appeal[1]

The Government argues that the instant appeal is barred because the Petitioner waived all his waivable rights to appeal when he accepted the plea agreement.  The only claim he did not waive is his non-waivable right to assert claims of ineffective assistance of counsel.  The Plea Agreement signed by the parties states in relevant part,

> F.     Waiver of Appeal – Procedural Default
>
> 1.     In exchange for the concessions made by the United States in this Plea Agreement, the Defendant knowingly and expressly waives the right to appeal any sentence that is imposed within the applicable Sentencing Guideline range as determined by the parties, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence. Defendant also waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

(ECF No. 289).  This Court agrees that the language in the plea agreement is clear and unambiguous.

Furthermore, the Government argues that in addition to the clear and unambiguous language in his plea agreement, the Defendant's waiver was a knowing and voluntary waiver because both the Court and the Government specifically advised Petitioner about the appellate waiver provision in the plea agreement during the plea colloquy, and the Court further questioned the Defendant about his understanding. (ECF Nos. 299, 367).

The right to collaterally challenge a conviction or sentence is statutory, and a knowing and

---

[1] It appears that Petitioner's motion is untimely.  Petitioner filed this motion on September 3, 2013. (ECF No. 496). Pursuant to 28 U.S.C. § 2255(f), a one-year statute of limitations applies to claims brought under 28 U.S.C. § 2255. The Judgment of Conviction was filed on December 27, 2011 (ECF No. 437); however, the Government did not raise this issue in their Response (ECF No. 499).

voluntary waiver of a statutory right is enforceable. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).  The Petitioner argues that despite the clear and unambiguous language of the plea agreement and the information provided to him by the Court and the Government on the record during his plea canvass, he relied upon erroneous information provided to him by his retained counsel.  However, the erroneous advice that the Petitioner claims he was provided only relates to his possible sentence, not his waiver of appellate rights.  The Petitioner only claims his counsel advised him he would receive a sentence of no more than 120 months.  Therefore, this Court finds that Petitioner has failed to demonstrate an ineffective waiver of appeal.  Petitioner's waivable claims are procedurally barred.

Furthermore, the Petitioner filed a motion for voluntarily dismissal of his appeal, which the Ninth Circuit Court of Appeals granted on May 3, 2012 (ECF No. 471).  "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). "To overcome such default, Appellant would have to show either (1) 'cause' and actual 'prejudice' to explain the default, or (2) that he was 'actually innocent' of, inter alia, the crime for which he was indicted." *United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000) (interior citation omitted). In this case, the Petitioner has not made any statements regarding his failure to pursue his appeal, and his claim of actual innocence is without merit (*see infra*).

2.   Mandatory Minimum

Petitioner claims his Sixth Amendment right to have the jury determine the elements of a criminal offense beyond a reasonable doubt was violated when the Court, and not the jury, determined at sentencing that the Government had met its burden by a preponderance of the evidence in regards to an element which increased the mandatory minimum sentence. (ECF No. 496 at 10, ll. 18-20).  This issue was not raised on direct appeal, was waived in the written plea

1   agreement and is procedurally barred.  Nevertheless, the Court will briefly address why the claim

2   fails and is without merit.

3        The Petitioner cites to *Alleyne v. United States*, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)

4   which does not support his contention.  Pursuant to 21 U.S.C. § 841(b)(1)(A)(ii)(II) and the

5   Petitioner's Plea Agreement, he was already subject to a ten year statutory minimum sentence,

6   with a maximum possible sentence of life imprisonment.  The Court's determination at

7   sentencing regarding the base offense level adjustments did not change the mandatory minimum

8   and maximum sentence.  As the Court stated very specifically by listing the numerous factors it

9   considered, there was more than sufficient evidence demonstrated during trial, in addition to the

10  co-conspirator testimony to support the Court's finding that the Petitioner was involved in

11  trafficking at least 150 kilograms of cocaine.  Nevertheless, this calculation did not change the

12  mandatory minimum or maximum.  Accordingly, the Petitioner's Sixth Amendment right to a

13  jury determination has not been violated.

14       3.    Merger of Money Laundering Charges

15       Petitioner claims that the decision in *United States v. Santos*, 553 U.S. 507 (2008) and the

16  Ninth Circuit decision in *United States v. Van Alstyne*, 584 F.3d 803 (9th Cir. 2009) require the

17  Court to vacate the sentence imposed against him on Counts 2 (Money Laundering Conspiracy),

18  3 and 4 (Money Laundering).  This issue was not raised on direct appeal, was waived in the

19  written plea agreement and is procedurally barred.  Nevertheless, the Court will briefly address

20  why the claim fails and is without merit as Petitioner also claims that *Santos* and its progeny have

21  rendered him "factually innocent" of these charges. (ECF No. 496 at 28, ll. 9-14).

22       With respect to drug and money laundering conspiracies, the Ninth Circuit in *United*

23  *States v Webster*, 623 F.3d 901, 906 (9th Cir. 2010) adopted Justice Stevens' view in *Santos*

24  regarding the interpretation to be given to the term "proceeds," "[w]e therefore read *Santos* as

25  holding that where, as here, a money laundering count is based on transfers among co-

1  conspirators of money from the sale of drugs, 'proceeds' includes all 'receipts' from such sales."

2  *See also United States v. Wilkes*, 662 F.3d 524, 549 (9th Cir. 2011).  The Petitioner has not

3  argued that any of the transfers charged in the Second Superseding Indictment involved anything

4  other than the sale of drugs.  The entirety of the money is therefore "proceeds" under 18 U.S.C.

5  §§ 1956 and 1957.

6          4.      Ineffective Assistance of Counsel

7          Despite Petitioner's waiver of appeal, the claim of ineffective assistance of counsel can

8  never be waived.  Petitioner asserts this claim and argues his retained counsel was ineffective

9  when he erroneously advised him that he would not receive a sentence of more than 120 months.

10  The Petitioner cites to *Missouri v. Frye*, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and *Lafler v.*

11  *Cooper*, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012).  Neither of these cases is applicable to the

12  issue raised by the Petitioner.  In *Missouri v. Frye*, the appellant's counsel was found to be

13  ineffective for failing to advise his client of a plea offer prior to its expiration before trial. *Id.*  In

14  *Lafler v. Cooper,* the appellant's counsel was found to be ineffective for erroneously advising his

15  client to reject the plea offer and proceed to trial with an invalid defense. *Id.*  In both cases, the

16  appellants' claims related to their missed opportunity to accept a plea agreement.  In this case,

17  Petitioner seeks to withdraw his plea of guilty.

18          Furthermore, an erroneous representation by defense counsel regarding a potential

19  sentence is not an appropriate basis for attacking the sentence imposed, as long as the defendant

20  was appropriately informed regarding the sentencing range. *Womack v. Del Papa*, 497 F.3d 998,

21  1004 (9th Cir. 2007), citing *United States v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990). "[A]n

22  erroneous sentence prediction 'does not entitle a defendant to challenge his guilty plea.'"  Both

23  the plea agreement and the plea canvass served to advise the Petitioner that he was facing a

24  maximum term of imprisonment of life with a mandatory minimum sentence of 120 months for

25  / / /

1    the drug conviction[2] alone. (ECF Nos. 289, 299, 367).  The Petitioner also pled guilty to one

2    count of Conspiracy to Launder Money and two counts of Money Laundering, and was advised

3    by the Court during the plea canvass that the maximum term of imprisonment for each of these

4    three counts was 20 years each. *Id.*  The Petitioner stated that he understood the statutory

5    sentencing ranges and that no one had made any promises to him about what his sentence would

6    be. (ECF No. 299, 367).

7         During the sentencing hearing, Petitioner's retained counsel explained that he advised

8    Petitioner that the minimum sentence was 10 years, but that he should accept the plea offer

9    because it provided him an opportunity to avoid a life sentence. (ECF No. 462).  Despite the fact

10   that the Petitioner's counsel spoke Spanish fluently, the Court recessed the Defendant's trial

11   during week 4 in an abundance of caution just so he could review the new written plea offer with

12   the assistance of an interpreter. *Id.*  The Petitioner has admitted that the interpreter did read the

13   written plea agreement to him prior to his signing it. *Id.*

14        The Petitioner has failed to establish cause and prejudice under *Strickland v. Washington*,

15   466 U.S. 668 (1984).  Petitioner merely concludes that the first prong is met simply because he

16   claims his trial counsel gave him inadequate advice. (ECF No. 496 at 8, ll. 13-17).  As stated

17   *supra*, his bald claim is belied by the evidence.  Likewise, the Petitioner claims he has met the

18   prejudice prong under *Strickland* because he abandoned his right to a fair trial. (ECF No. 496 at

19   9, ll. 15-17.)   The plea offer was negotiated by counsel after the Government had rested its case

20   during week 4 of trial and the defense was about to start its case.  In the written Plea Agreement,

21   the Government agreed to dismiss Count 7 – Conspiracy to Commit Kidnapping, Count 8 –

22   Kidnapping, Count 9 – Conspiracy to Commit Hostage Taking, and Count 10 – Hostage Taking.

23   As the Court stated previously during sentencing, the full presentation by the Government of the

24   evidence related to the drug trafficking and money laundering was very impressive.  Even

25

---

[2] Conspiracy to Distribute a Controlled Substance.

assuming the Petitioner would have been acquitted of all four of the kidnapping / hostage charges dismissed in the plea agreement, the Petitioner has failed to demonstrate that he would have been additionally acquitted of any of the four drug trafficking / money laundering counts included in the plea agreement.  Nor has the Petitioner even attempted to demonstrate how he could have received a more lenient sentence without the benefit of the plea agreement negotiated by his counsel, which provided an adjustment for acceptance of responsibility yet did not limit defense counsel's ability to argue at sentencing, especially in light of the fact that Petitioner's Criminal History Score placed him in a Category III.  For all of the reasons stated herein and at the hearing for Petitioner's previous motion to withdraw his plea, the Court hereby finds that Petitioner was not denied his Sixth Amendment right to effective assistance of counsel.

**C.    CONCLUSION**

Petitioner Jose Lopez-Buelna's Motion To Vacate Sentence Pursuant To 28 U.S.C. § 2255 (ECF No. 496) is hereby **DENIED**.

**DATED** this 19th day of November, 2013.

_____

Gloria M. Navarro
United States District Judge