**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:09-cr-00113-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| JOSE LUIS LOPEZ-BUELNA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is pro se Defendant Jose Luis Lopez-Buelna's ("Defendant's") Motion for a Sentence Reduction under Amendment 782 of 18 U.S.C. 3582(c). (ECF No. 521).

## I. BACKGROUND

On October 13, 2009, a grand jury sitting in the District of Nevada returned a Second Superseding Indictment charging Defendant with eight counts relating to a conspiracy involving drugs, money laundering, and kidnapping. (ECF No. 61). On February 16, 2011, after thirteen days of a jury trial on the case, Defendant decided to plead guilty to four counts of the Second Superseding Indictment, including Count One, Conspiracy to Distribute a Controlled Substance, 21 U.S.C. §§ 841(a)(1), 846; Count Two, Conspiracy to Launder Money, 18 U.S.C. § 1956(h); and Counts Three and Four, Money Laundering-Promotion 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2. (ECF No. 299). On December 20, 2011, the Court held a sentencing hearing and imposed a sentence of 240 months. (ECF No. 433).

On October 19, 2015, Defendant sent a letter to the Court asking for appointment of counsel to seek a sentencing reduction under Amendment 782 (ECF No. 514), which the Court granted, appointing the Federal Public Defender ("FPD") (ECF No. 515). On February 5, 2016, the FPD filed a Motion to Withdraw indicating that after reviewing Defendant's file,

"counsel will not file any motions or applications for reduction of sentence on the defendant's behalf." (Mot. to Withdraw 2:8–9, ECF No. 519). The Court granted the FPD's motion on February 16, 2016. (ECF No. 520). On December 19, 2016, Defendant filed the instant Motion for Sentence Reduction under Amendment 782. (ECF No. 521).

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress provided a narrow exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Dillon*, 560 U.S. at 825 (noting that "§ 3582(c)(2) does not authorize a sentencing or resentencing proceeding" but instead provides for the "'modif[ication of] a term of imprisonment' by giving courts the power to reduce an otherwise final sentence in circumstances specified by the Commission") (alteration in original). This authority to modify a previously-imposed prison sentence "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon*, 560 U.S. at 828.

## III. DISCUSSION

Defendant seeks a two-level reduction under Amendment 782 of § 3582(c). (Def. Mot. Sentence Reduction, ECF No. 521). Defendant's original base offense level was 38; however, his total offense level was 42, after a 6-level increase for Specific Offense Characteristic and Role Adjustment, and a 2-level reduction for Acceptance of Responsibility. Under the amended Sentencing Guidelines, Defendant's amended base offense level would be 36, plus 6 levels for the Specific Offense Characteristic and Role Adjustment, minus 2 levels for Acceptance of Responsibility, equaling a total amended offense level of 40. Defendant had a criminal history score of 3, which put him in criminal history category II.

Defendant was originally sentenced to 240 months in custody, per count, concurrent to each other, pursuant to a downward variance. (*See* Sentencing Tr. 68:2–5, 69:17–19). The downward variance placed Defendant at a total offense level of 36. (*Id.* 69:17–19). The Court varied downward to avoid unwarranted sentencing disparities among defendants. (*See id.* 59:10–11). Defendant asserts that because he was sentenced at an offense level of 36, his proper amended offense level should be 34. (*See* Def. Mot. Sentence Reduction 5:12–22). The Court disagrees.

Following the Ninth Circuit's most recent guidance, for a defendant to be eligible for a sentence reduction, a court must first find that the sentence was "based on" a guideline range. *United States v. Rodriguez-Soriano*, No. 15-30039, 2017 WL 1591135, at *2 (9th Cir. May 2, 2017). In *Rodriguez-Soriano*, the Ninth Circuit reviewed the sentencing hearing transcript and determined that the district court's sentence was pursuant to a Government motion for downward departure, not based on the guideline range; therefore, the defendant was not eligible for a sentencing reduction under Amendment 782. *Id.* at *4. The Ninth Circuit has also previously stated that the applicable guideline range is derived pre-departure and pre-variance. *United States v. Pleasant*, 704 F.3d 808, 812 (9th Cir. 2013), *overruled on other grounds by United States v. Davis*, 825 F.3d 1014, 1022 n.8 (9th Cir. 2016). While the Ninth Circuit has not specifically determined whether departures and variances should be included in the "amended guideline range" for purposes of Section 3583 sentencing reductions like Amendment 782, another district court in the Ninth Circuit persuasively found that they should not. *See United States v. Guzman*, 176 F. Supp. 3d 1012, 1024 (D. Or. 2015) ("the Ninth Circuit's conclusion that departures and variances are not included in the 'applicable guideline range' forecloses the argument that they are 'guideline application decisions' or that they should be included in the 'amended guideline range.'").

Here, the Court finds that, like in *Rodriguez-Soriano*, Defendant's sentence was not "based on" the guideline range, but rather a downward variance to avoid sentencing disparities

among co-defendants. (*See* Sentencing Tr. 59:10–11, 69:17–19). Therefore, under *Rodriguez-Soriano*, Defendant is not eligible for a sentence reduction under Amendment 782. Nevertheless, even if the sentence was based on a guideline range, Defendant's amended offense level would be 40, not 34, because the amended guideline range would not include the downward variance from the original sentencing. *See Pleasant*, 704 F.3d at 812; *Guzman*, 176 F. Supp. 3d at 1024. At an amended offense level of 40 and a criminal history category II, the Defendant's amended guideline range would be 324–405 months. Pursuant to U.S.S.G. § 1B1.10(b)(2), the Court generally may not reduce a defendant's term of imprisonment to a period less than the amended guideline range. U.S.S.G. § 1B 1.10(b)(2)(A). The sole exception to this rule involves cases in which the defendant originally received a below-guideline sentence pursuant to a government motion for substantial assistance, which is not applicable here. U.S.S.G. § 1B1.10(b)(2)(B). As such, Defendant's original sentence of 240 months in custody is less than the low end of his amended guideline range. Accordingly, the Court finds that Defendant is ineligible for any reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782, and pursuant to U.S.S.G. § 1B1.10, effective November 1, 2014.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for a Sentence Reduction (ECF No. 521) is **DENIED**.

**DATED** this 19 day of May, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge