**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:09-cr-00113-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| JOSE LUIS LOPEZ-BUELNA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is pro se Defendant Jose Luis Lopez-Buelna's ("Defendant's") Motion for a Sentence Reduction under 18 U.S.C. 3582(c). (ECF No. 524).

## I. BACKGROUND

On October 13, 2009, a grand jury sitting in the District of Nevada returned a Second Superseding Indictment charging Defendant with eight counts relating to a conspiracy involving drugs, money laundering, and kidnapping. (ECF No. 61). On February 16, 2011, after thirteen days of a jury trial on the case, Defendant decided to plead guilty to four counts of the Second Superseding Indictment, including Count One, Conspiracy to Distribute a Controlled Substance, 21 U.S.C. §§ 841(a)(1), 846; Count Two, Conspiracy to Launder Money, 18 U.S.C. § 1956(h); and Counts Three and Four, Money Laundering-Promotion 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2. (ECF No. 299). On December 20, 2011, the Court held a sentencing hearing and imposed a sentence of 240 months. (ECF No. 433).

On October 19, 2015, Defendant sent a letter to the Court asking for appointment of counsel to seek a sentencing reduction under Amendment 782, (ECF No. 514), which the Court granted, appointing the Federal Public Defender ("FPD"). (ECF No. 515). On February 5, 2016, the FPD filed a Motion to Withdraw indicating that after reviewing Defendant's file,

"counsel will not file any motions or applications for reduction of sentence on the defendant's behalf." (Mot. to Withdraw 2:8–9, ECF No. 519). The Court granted the FPD's motion on February 16, 2016. (ECF No. 520). On December 19, 2016, Defendant filed a motion for sentence reduction under Amendment 782. (ECF No. 521). The Court denied Defendant's motion on May 19, 2017. (ECF No. 523). Defendant did not appeal the Court's prior Order denying his motion to reduce his sentence, however, in the instant Motion, Defendant once again seeks a reduction in sentence pursuant to Amendment 782. (*See* Mot. for Sentence Reduction, ECF No. 524).

## II.    LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress provided a narrow exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Dillon*, 560 U.S. at 825 (noting that "§ 3582(c)(2) does not authorize a sentencing or resentencing proceeding" but instead provides for the "'modif[ication of] a term of imprisonment' by giving courts the power to reduce an otherwise final sentence in circumstances specified by the Commission") (alteration in original). This authority to modify a previously-imposed prison sentence "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon*, 560 U.S. at 828.

Additionally, a federal district court may modify a sentence pursuant to statute or Federal Rule of Criminal Procedure 35. *See* 18 U.S.C. § 3582(c)(1)(B). Rule 35 permits the Court to correct a sentence within 14 days of sentencing due to a mathematical, technical, or other clear error. *See* Fed. R. Crim. P. 35(a).

## III. **DISCUSSION**

Defendant seeks a combined five-level sentence reduction under 18 U.S.C. §3582(c) for a total offense level of 35. (Mot. for Sentence Reduction, 4:18, 5:1–2, ECF No. 524). First, Defendant claims he was improperly characterized as an organizer or leader and thus, the Court erred by applying a four-level enhancement for Role Adjustment. (*Id.* 5:12–15, 9:15–20). Consequently, Defendant requests "either a one or two level reduction in the role enhancement." (*Id.* 14:10–11). Second, Defendant "contends that Amendment 782 reduced his Base Offense Level for both the drug and money laundering offenses" and "[b]ecause this was overlooked by the Court . . . plain error occurred." (*Id.* 18:19–22, 23:10–12).

Defendant's original base offense level was 38; however, his total offense level was 42, after a 6-level increase for Specific Offense Characteristic and Role Adjustment, and a 2-level reduction for Acceptance of Responsibility. Under the amended Sentencing Guidelines, Defendant's amended base offense level would be 36, plus 6 levels for the Specific Offense Characteristic and Role Adjustment, minus 2 levels for Acceptance of Responsibility, equaling a total amended offense level of 40. Defendant had a criminal history score of 3, which put him in criminal history category II.

Defendant was originally sentenced to 240 months in custody, per count, concurrent to each other, pursuant to a downward variance. (*See* Sentencing Tr. 68:2–5, 69:17–19). The downward variance placed Defendant at a total offense level of 36. (*Id.* 69:17–19). The Court varied downward to avoid unwarranted sentencing disparities among defendants. (*See id.* 59:10–11). In the instant Motion, Defendant asserts that the proper amended total offense level should be 35. (*See* Mot. for Sentence Reduction 23:18–23). The Court disagrees.

First, the Court finds that Defendant's claim of error regarding his Role Adjustment is untimely. Defendant must bring a claim for correction of sentencing errors within 14 days of sentencing. *See* 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35(a). Defendant filed the

instant Motion more than six years after he was sentenced. Therefore, Defendant's claim of error is time-barred.

Second, to the extent Defendant seeks a sentence reduction under Amendment 782, this argument has already been addressed by the Court. The instant Motion is successive because both Defendant's instant filing and Defendant's prior motion request a reduction under Amendment 782 of 18 U.S.C. 3582(c). (*See* Mot. for Sentence Reduction, ECF No. 521); (*see also* Mot. for Sentence Reduction, ECF No. 524). The Court's previous Order found that under *Rodriguez-Soriano* Defendant is not eligible for a sentence reduction under Amendment 782 because Defendant's sentence was not "based on" the guideline range, but rather a downward variance to avoid sentencing disparities among co-defendants. *See United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1045 (9th Cir. 2017) (Finding that for a defendant to be eligible for a sentence reduction, a court must first find that the sentence was "based on" a guideline range); (s*ee also* Order Den. Mot. to Reduce Sentence, ECF No. 523).

Accordingly, the Court finds that Defendant's claims under 18 U.S.C. § 3582(c)(1)(B) are untimely and his claims pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782 effective November 1, 2014 are moot.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for a Sentence Reduction, (ECF No. 524), is **DENIED**.

**DATED** this __4__ day of May, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge