**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:09-cr-00113-GMN-EJY-2 |
| vs. ) | |
| ) | **ORDER** |
| JOSE LOPEZ-BUELNA, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Defendant Jose Lopez-Buelna's ("Defendant's") Motion for Compassionate Release, (ECF No. 534). Following the Federal Public Defender's ("FPD's") Notice of Non-Supplementation, (ECF No. 535), the Government filed a Response, (ECF No. 538), and Defendant filed a Reply, (ECF No. 541). For the reasons discussed below, the Court **DENIES** Defendant's Motion.

**I.     BACKGROUND**

On February 16, 2011, Defendant pleaded guilty to counts One, Two, Three, and Four of the Second Superseding Indictment: Conspiracy to Distribute a Controlled Substance — Cocaine; Conspiracy to Launder Money; and Money Laundering — Promotion. (Mins. Proceedings, ECF No. 299); (Second Superseding Indictment, ECF No. 61). The Court sentenced Defendant to 240 months custody followed by five years supervised release. (J., ECF No. 437).

Defendant, having served about twelve years of his sentence, remains in custody at Federal Correctional Institution: Terminal Island. (Mot. Compassionate Release ("MCR") at 2–3). Defendant now petitions this Court for compassionate release, arguing that the spread of COVID-19 in combination with Defendant's underlying medical conditions present

extraordinary and compelling reasons for his release. (*Id.* at 1–2). Defendant seeks a reduction of his sentence to time served. (*Id.*).

## II.  LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a reduction in his sentence; and (3) he is not "a danger to the safety of any other person or the community." 18 U.S.C. §§ 3553(a), 3582(c)(1)(A); USSG § 1B1.13.  Under United States Sentencing Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.  The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.*  Ultimately, the decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-CR-00257-CAS-3, 2020 U.S. Dist. LEXIS 65373, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

## III.  DISCUSSION

The Government concedes that: (1) Defendant has exhausted his administrative remedies; and (2) Defendant's diabetes diagnosis provides an extraordinary and compelling reason for his release in light of the COVID-19 pandemic. (Resp. 4:23–5:2, ECF No. 538). Accordingly, only two elements to establish eligibility for compassionate release are at issue: (1) whether a sentencing reduction is supported by the § 3553(a) factors; and (2) whether

Defendant poses a danger to the community.  The Court concludes that the § 3553(a) factors do not support Defendant's compassionate release.

Even if extraordinary and compelling reasons exist for a defendant's compassionate release, courts are to first "consider[] the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable," to determine if a sentence reduction is appropriate. USSG § 1B1.13; *see, e.g.*, *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020).  The § 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

The Court finds that the nature and circumstances of the offense and the characteristics of the Defendant favor the Government.  Defendant admitted at his plea that he held a leadership role in a conspiracy to distribute over five kilograms of a mixture or substance containing cocaine. (*See* Plea Agreement 11:5–11, ECF No. 289).  Defendant recruited multiple individuals to join the conspiracy, financed co-conspirators' purchases of motor homes, and the motor homes were used to transport drugs and proceeds thereof in furtherance of the conspiracy. (*Id.* 13:19–14:9).  Additionally, this is not the first drug offense for which Defendant has been convicted. (*See* PSR ¶ 59).  Given Defendant's recidivism and his leadership role in a serious drug offense, the Court finds that the nature and circumstances of the offense do not support compassionate release.

Likewise, Defendant's particular circumstances do not support his compassionate release because he survived a COVID-19 infection with minimal side effects.  Although the Government concedes there are extraordinary and compelling reasons for Defendant's release because he has Type II diabetes, the Response's analysis of the sentencing factors highlights

that Defendant already contracted COVID-19 without experiencing serious symptoms. (Resp. 5:15–6:9); (Def.'s Medical Records, Ex. A to Resp., ECF No. 540).[1]  Defendant's past COVID-19 infection may have generated immunity to future infection, though the degree and duration of prospective immunity remain uncertain. *See* Centers for Disease Control and Prevention, "Test for Past Infection: What do your results mean?" (June 30, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/testing/serology-overview.html ("Having antibodies to the virus that causes COVID-19 may provide protection from getting infected with the virus again. If it does, we do not know how much protection the antibodies may provide or how long this protection may last."); Robert D. Kirkclady, MD, MPH, *et al.*, Journal of American Medicine, "COVID-19 and Postinfection Immunity: Limited Evidence, Many Remaining Questions," (May 11, 2020) available at https://jamanetwork.com/journals/jama/fullarticle/2766097 ("To date, no human reinfections with SARS-CoV-2 have been confirmed.").  Even if Defendant is not immune or he only has short-term immunity, his personal experience undermines his argument that he is susceptible to severe complications from the virus. (*See* Resp. 5:24–6:4).  Accordingly, Defendant's circumstances do not support compassionate release.

The Court also finds that the other two factors briefed by the parties—the need for the sentence imposed and the sentencing guidelines—do not encourage compassionate release. Although Defendant has not had any disciplinary incidents in prison, the Court finds that the seriousness of his offense warrants him serving the remainder of his sentence.  The guideline range for Defendant's convictions is a sentence of 360 months to life. (PSR at 23).  After a downward variance, Defendant ultimately received a sentence of 240 months custody. (*See* J.,

---

[1] Because of Defendant's privacy interest in his medical records, the Court **GRANTS** the Government's Motion to Seal, (ECF No. 539).  *See, e.g.*, *Johnsen v. Tambe*, No. 19-141-TSZ-MLP, 2019 WL 4014256, at *2 (W.D. Wash. Aug. 26, 2019) (finding plaintiff's "privacy interest in his own medical records to be a sufficiently compelling reason to seal the medical records themselves.").

ECF No. 437). Defendant has served about twelve years in custody, which the parties agree is equivalent to about fifteen years with good-time credits. (*See* Resp. 7:1–5). The Court concludes that, given the nature and seriousness of the offense and Defendant's significant role therein, a reduction of sentence to one even further below the guideline range "would not serve the need for the sentence to reflect the seriousness of the offense, [] promote respect for the law, [] provide just punishment for the offense, [or] afford adequate deterrence to criminal conduct . . . ." *United States v. Silva*, No. 4:17-cr-554-PJH-03, 2020 WL 4039218, at *3 (N.D. Cal. July 17, 2020); *see also Chambliss*, 948 F.3d at 683–84; *United States v. Rand*, No. 2:16-cr-00029-MMD-WGC, 2020 WL 2733949, at *5 (D. Nev. May 26, 2020). Accordingly, the Court denies Defendant's request for a reduction of sentence to time served. Given that the § 3553(a) factors do not support a reduction of sentence, the Court need not address whether Defendant would be a danger to the community if released.

Defendant alternatively argues that the § 3553(a) factors would support a sentence reduction if the Court orders Defendant to home confinement as a condition of supervised release. (MCR at 9). If the Court were to take that approach in a manner consistent with its analysis of the § 3553(a) factors, the Court would add an additional supervised release term—consecutive to Defendant's presently ordered five-year supervised release term—equal to the remainder of Defendant's custodial sentence. (*See* J., ECF No. 437). The Court is not authorized to impose an additional supervised release term of that length. *See* 18 U.S.C. § 3583(b). Nor could the Court achieve the same result by having the supervised release terms for each Count run consecutively. *See* 18 U.S.C. § 3624(e).

Even if the Court could authorize an additional term of supervised release, The Court declines to do so because ordering an additional term of supervised release for a deportable alien is inconsistent with the First Step Act. The First Step Act requires that sentence reductions be consistent with the United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(4–

5).  The Sentencing Guidelines recommend against granting a term of supervised release to deportable aliens where the offense does not carry a mandatory supervised release term. USSG § 5D1.1(c).  The comments explain, "The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.* cmt. 5. Failure to follow the guideline is not in itself an abuse of discretion, but the court must provide its reasoning for taking a different approach. *United States v. Solano-Rosales*, 781 F.3d 345, 353–54 (6th Cir. 2015).  Here, the Court does not find that an additional period of supervised release would provide an extra measure of deterrence and protection.  Accordingly, the Court denies Defendant's request to have his sentence reduced to time served with home confinement as a condition of supervised release.

Finally, in its Notice of Non-Supplementation, the FPD reminds the Court that "it has the discretion to make a placement recommendation (including home confinement) for Mr. Lopez-Buelna . . . ." (Notice Non-Supplementation 1:20–21, ECF No. 535).  Although the Court may make a placement recommendation to the Bureau of Prisons ("BOP"), whether to follow the recommendation is within the BOP's discretion. *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (acknowledging the BOP's authority to choose where the defendant serves his sentence); 18 U.S.C. § 3582(c) (providing the BOP director with the authority to place a defendant in home confinement for a period not greater than twelve months); Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020) (extending the time a defendant may serve in home confinement).  Here, the Court does not see the efficacy of making such a recommendation to the BOP because the BOP generally requires that deportable aliens be housed in at least low security level institutions. Federal Bureau of Prisons, Security Designation and Custody Clarification Manual, Program Statement 5100.07, ch. 7, ¶ H (2006), available at

https://www.bop.gov/policy/progstat/5100_008cn.pdf.  The Court declines to make a discretionary recommendation to the BOP that is contrary to BOP policy.

//

//

//

//

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 534), is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal, (ECF No. 539), is **GRANTED**.

**DATED** this  13  day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Judge