UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　) <br>　　　　　　　Plaintiff,　　　　　) <br>　　vs.　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　) <br>JOSE LOPEZ-BUELNA,　　　　　　 ) <br>　　　　　　　　　　　　　　　　) <br>　　　　　　　Defendant.　　　　 ) <br>　　　　　　　　　　　　　　　　) | Case No.: 2:09-cr-00113-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Jose Lopez-Buelna's ("Defendant's") Second Motion for Compassionate Release, (ECF No. 554). The Government filed a Response, (ECF No. 559), to which Defendant did not file a Reply.

For the reasons discussed below, the Court **DENIES** Defendant's Second Motion for Compassionate Release.

**I.　BACKGROUND**

On February 16, 2011, Defendant pleaded guilty to counts One, Two, Three, and Four of the Second Superseding Indictment: Conspiracy to Distribute a Controlled Substance—Cocaine; Conspiracy to Launder Money; and Money Laundering—Promotion. (Mins. Proceedings, ECF No. 299); (Second Superseding Indictment, ECF No. 61). The Court sentenced Defendant to 240 months' custody followed by five years of supervised release. (J., ECF No. 437). Defendant is currently housed at Federal Correctional Institute ("FCI") Terminal Island in Los Angeles, California. (Second Motion for Compassionate Release ("MCR") at 7, ECF No. 554).

On July 10, 2020, Defendant filed his First Motion for Compassionate Release, (ECF No. 534), which the Court subsequently denied. (*See generally* Order, ECF No. 542). By the

instant Motion, Defendant again petitions the Court for compassionate release. (Second MCR). The Court discusses Defendant's Second Motion for Compassionate Release below.

## II. LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a reduction in his sentence, and (3) he is not "a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under United States Sentencing Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.  The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.*  The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

## III. DISCUSSION

Defendant's Second Motion for Compassionate Release begins and ends with an examination of whether extraordinary and compelling reasons exist warranting his release. Liberally construing Defendant's Motion, he raises two arguments for why extraordinary and compelling reasons exist.  First, Defendant argues that FCI Terminal Island has failed to treat his medical conditions, which include high blood pressure, diabetes, and high cholesterol.

(Second MCR at 6); (Medical Records at 1, Ex. A to Second MCR, ECF No. 554-1). Second, and related to the first, Defendant argues that compassionate release is warranted because of the "institutional overcrowding" at FCI Terminal, which Defendant presumably fears exacerbates his risk of contracting COVID-19. (Second MCR at 6).

Turning to Defendant's first argument, his medical conditions are not sufficiently serious such that they would prevent him from caring for himself within his facility of confinement. *See* U.S.S.G. § 1B1.13 cmt. n.1 (conditions that constitute extraordinary and compelling medical conditions that warrant compassionate release include terminal illnesses or serious physical, medical, and mental conditions which prevent the defendant from providing self-care within a correctional facility). It is true that Defendant's high blood pressure, diabetes, and high cholesterol place him at a higher risk of negative outcome if he contracts COVID-19 according to the Centers for Disease Control. *See* CDC, *Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last updated Feb. 10, 2023). But the proliferation of vaccines through the Bureau of Prisons ("BOP") means compassionate release motions based on COVID-19 generally lack merit. *See United States v. Upshaw*, No. 1:14-cr-256, 2021 WL 2417012, at *2 (E.D. Cal. June 14, 2021) ("[C]ourts in this circuit and others have recognized that the widespread availability of COVID-19 vaccines within BOP facilities has significantly diminished the risk posed to federal prisoners by the virus and in turn lessened the degree to which the risks posed by COVID-19 may tip the scale in favor of compassionate release in cases where prisoners suffered from chronic medical conditions."). And here, the medical records attached to Defendant's Second Motion for Compassionate Release show that he has been fully vaccinated. (Medical Records at 6–9, Ex. A to Second MCR).

To that end, courts have consistently refused compassionate release requests based on the threat of COVID-19 where, as here, the defendant has been fully vaccinated. *See United*

*States v. Canjura-Cabrera*, No. 20-cr-01426, 2022 WL 5133506, at *2 (S.D. Cal. Oct. 4, 2022) ("Since vaccinations have become widespread in the Bureau of Prisons, courts have consistently refused compassionate release requests based on the threat of COVID-19 from inmates or detainees who have been fully vaccinated."); *United States v. Cobarruvias-Pete*, No. 18-cr-4151, 2021 WL 4819301, at *1 (S.D. Cal. Oct. 15, 2021) (citing cases); *United States v. Cortez*, No. CR-18-858, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) ("The court cannot conclude, particularly in light of his vaccination, that defendant's current exposure to COVID-19 presents 'extraordinary and compelling reasons.'"); *United States v. Upshaw*, No. 1:14-cr-256-NONE, 2021 WL 2417012, at *2 (E.D. Cal. June 14, 2021) ("[C]ourts in this circuit and others have recognized that the widespread availability of COVID-19 vaccines within BOP facilities has significantly diminished the risk posed to federal prisoners by the virus and in turn lessened the degree to which the risks posed by COVID-19 may tip the scale in favor of compassionate release in cases where prisoners suffer from chronic medical conditions.") (citing cases); *United States v. Hall*, No. 3:18-cr-499, 2021 WL 5566539, at *3 (D. Or. Nov. 29, 2021) (noting "other district courts in the Ninth Circuit and other judges in this District have . . . concluded inmates who have been fully vaccinated . . . have not satisfied the extraordinary and compelling standard" even if they suffer from medical conditions that make them more susceptible upon contracting COVID-19) (citing cases).  Here, the fact that Defendant is at risk from COVID-19 because of his medical conditions is largely mitigated by the fact that he has been fully vaccinated.

Further, to the extent that Defendant maintains he is receiving inadequate medical care at FCI Terminal Island, a compassionate release motion is not the appropriate vehicle by which to raise such a challenge.  "Normally, a court considering a motion for compassionate release on the basis that a prisoner is receiving inadequate medical care should deny such motion.  This is so because where an institution fails to provide adequate medical care, as the defendant alleges,

the proper avenue for relief is the route the Supreme Court laid out in *Estelle v. Gamble*, 429 U.S. 97 (1976)." *United States v. Rodriguez-Gonzales*, No. 3:08-cr-304, 2021 WL 5769160, at *3 (N.D. Ohio Nov. 3, 2021). The Court understands that the "realities of prison are less than ideal" but advises Defendant that his present Motion "is not the proper vehicle to assert a medical-neglect claim." *United States v. George*, No. 2:20-cr-00009, 2022 WL 5109791, at *2 n.19 (D. Nev. Oct. 4, 2022).

As to Defendant's second argument, the conditions at FCI Terminal Island further militate against a finding that extraordinary and compelling reasons exist. BOP reports that FCI Terminal Island has five staff members with active COVID-19 cases, and zero amongst inmates. *See* BOP, *COVID-19 Statistics*, https://www.bop.gov/coronavirus/covid19_statistics.html, (last visited February 10, 2023). The "low rates of transmission and widespread vaccine access suggest that prison conditions in [FCI Terminal Island], in conjunction with Defendant's condition, do not rise to the level of an extraordinary and extraordinary circumstance." *United States v. Bright*, No. 17-cr-0270, 2022 WL 16951832, at *4 (S.D. Cal. Nov. 15, 2022); *see, e.g.*, *United States v. Oliver*, No. 21-50170, 2022 WL 4285598, at *2 (9th Cir. 2022) (affirming compassionate release denial, reasoning that "COVID-19 was not widespread in Oliver's facility at the time and that the proliferation of the vaccine was expected to reduce the spread of the virus"). Accordingly, the widespread availability of vaccinations and low infection rates at FCI Terminal Island outweigh any heightened risk of COVID-19 complications posed by Defendant's medical conditions.

In sum, extraordinary and compelling reasons do not exist that would justify Defendant's compassionate release. Therefore, Defendant's Second Motion for Compassionate Release is DENIED.

///

///

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Second Motion for Compassionate Release, (ECF No. 554), is **DENIED**.

**DATED** this __15__ day of February, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court